**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANLEY HOFFMAN, Individually and on behalf of the Estate of Phyllis Hoffman, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AMERICAN SOCIETY FOR TECHION-ISRAEL INSTITUTE OF TECHNOLOGY, INC, AKA American Technion Society, AKA ATS, a business entity or entities, form unknown, <br><br> Defendant-Appellee. | No.  15-55756 <br><br> D.C. No. 3:09-cv-02482-BEN-KSC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 9, 2017
Pasadena, California

Before:  SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

Stanley Hoffman appeals the district court's grant of summary judgment to

defendant American Society for Technion-Israel Institute of Technology ("ATS")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in this case arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). Stanley Hoffman's late wife Phyllis was employed by ATS until her terminal illness forced her to leave her job. ATS's employee benefit plan provides that an employee "whose employment terminates for any reason other than malfeasance, retirement or voluntary resignation shall be entitled to . . . severance pay." The district court ruled Phyllis Hoffman's departure was a "voluntary resignation," an undefined term in the plan. Stanley Hoffman contends that the term does not encompass an employee who leaves her job due to a disabling illness that renders her incapable of performing her job duties.

The district court erred in holding that unless there had been an affirmative act by the employer, the employment termination was voluntary. Terms in an ERISA plan "should be interpreted in an ordinary and popular sense as would a person of average intelligence and experience." *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th Cir. 1997) (internal citation and quotation omitted). A person of average intelligence and experience would understand the term "voluntary" to mean as "proceeding from the will or from one's own choice or consent." *See Webster's Ninth New Collegiate Dictionary.* Being forced to leave a job due to a disabling illness does not proceed from the will or from one's own choice or consent. *Cf. Stephan v. UNUM Life Ins. Co. of*

2

*America*, 697 F.3d 917, 936 (9th Cir. 2012) (noting that it is not "sensible to understand [an] inability to work due to disability as a voluntary termination of employment").

Two other issues must be addressed. First, ATS argues that in the context of the plan as a whole, severance benefits are not warranted because Phyllis Hoffman received disability benefits. The long term disability plan, however, expressly contemplated that an employee might receive both severance and disability by providing an offset for "any amounts that are paid under your Employer's . . . Severance . . . program."

Second, there is no merit to ATS's alternative argument that Phyllis Hoffman lost her severance pay when she became a part time employee. ATS's own records show that Phyllis Hoffman's termination date was February 29, 2008, before she attempted any part time work.[1]

The district court's order is **REVERSED**, and this case is **REMANDED** with instructions to enter summary judgment in favor of Stanley Hoffman.

---

[1] Stanley Hoffman's motion to withdraw a citation is granted.